IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUSSELL CORBIN,

      Plaintiff,                        No. CIV S-07-2241 EFB

      vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.                  ORDER

_____/

Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $10,303.17, which totals 25 percent of past benefits due to plaintiff.[1]  Dckt. No. 27.  Plaintiff entered into Retainer and Contingent Fee Agreement with plaintiff's counsel which states that he would pay plaintiff's counsel 25 percent of any past-due benefits he won as a result of the appeal in his case, plus expenses.  *Id.*, Ex. 3.  Plaintiff's counsel spent 44.7 hours on plaintiff's case.  Dckt. No. 30.

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment

---

[1] Defendant takes no position on the reasonableness of plaintiff's counsel's request.  *See* Dckt. No. 29.

1

> a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *receded from on other grounds, Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807.

After this court found plaintiff to be disabled, he was awarded past-due benefits in the amount of $41,212.70.[2] Dckt. No. 27, Exs. 1, 4. Plaintiff's counsel's request for 25 percent of that amount, or $10,303.17, would constitute an hourly rate of $230.50, based on the 44.7 hours plaintiff's counsel spent on the case.[3] Based on the quality of counsel's representation and her significant experience in the field of Social Security law, the court finds that rate to be reasonable. Further, given the results achieved in this case, the court finds the amount of hours expended to be reasonable.

////

---

[2] From this, the Commissioner withheld $8,938.75 in order to pay plaintiff's counsel. Dckt. No. 27, Ex. 1. The Commissioner contends that, based on this amount withheld, plaintiff's counsel's calculation of the appropriate attorney fee amount "appears to be incorrect." Dckt. No. 29 at 2, n.1. However, as plaintiff's counsel points out, it is unclear why that was the amount withheld. *See* Brewer Decl., Dckt. No. 27-2, ¶ 9. Plaintiff's counsel contends that based on the monthly amounts set forth in the Notice of Award through February of 2009, his past due benefits totaled $41,212.70. *Id.* ¶ 8; Exs. 1, 4. Plaintiff's counsel's calculation appears to be correct.

[3] Because plaintiff's counsel did not pursue fees under EAJA, the fee amount need not be offset. *See* Brewer Decl. ¶ 6; *see also* Dckt. No. 29 at 3.

1     Accordingly, IT IS HEREBY ORDERED that plaintiff's counsel is awarded $10,303.17
2 in attorney fees pursuant to 28 U.S.C. § 406.
3 DATED: May 12, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE